IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Case No.:

VICTORIA ZWERIN, on behalf of herself
and those similarly situated,

      Plaintiff,

v.

533 SHORT NORTH, LLC, an Ohio
Limited Liability Company, CHRIS
CORSO, individually, MICHAEL
GALLICHIO, individually, and
JENNIFER PEPPER, individually,

      Defendants.

_____ /

JAMES BONINI CLERK

2010 JUN -1 P 12: 53

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

2 : 10 cv 488

JUDGE SARGUS

MAGISTRATE JUDGE KEMP

## COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA ZWERIN ("Zwerin" or "Plaintiff"), on behalf of herself and other

tipped employees and former employees similarly situated, by and through undersigned counsel,

files this Complaint against Defendants, 533 SHORT NORTH, LLC ("533"), CHRIS CORSO

("CORSO"), MICHAEL GALLICHIO ("GALLICHIO"), and JENNIFER PEPPER

("PEPPER")(collectively "Defendants") and state as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former

non-exempt tipped employees of the Defendants, who elect to opt into this action, pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum

wages from Defendants for work for which they did not receive proper minimum wages, as required

by law, (ii) entitled to unpaid overtime wages from Defendants for work for which they did not

receive proper premium overtime wages, as required by law, (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iv) declaratory relief pursuant to 28 U.S.C. §2201.

2.      Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former tipped employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for work for which they did not receive proper minimum wages and overtime premium pay as required by the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111.01, et seq. and Article II, Section 34(a) of the Ohio Constitution.

### JURISDICTION

3.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02. Additionally, this Court has the authority to grant declaratory relief pursuant to R.C. Chapter 4111.14(J).

### PARTIES

5.      At all times material hereto, Plaintiff was a resident of Columbus, Ohio. Further at all times material hereto, Plaintiff was a tipped employee and performed related bartending duties for Defendants.

6.      At all times material hereto Defendant, 533, was, and continues to be an Ohio Limited Liability Company. Further, at all times material hereto, Defendant, 533, was, and continues to be, engaged in business in Ohio, with a place of business in Columbus, Ohio.

7.     At all times relevant to this action, CORSO was an individual resident of the State of Ohio, who owned and operated 533, and who regularly exercised the authority to: (a) hire and fire employees of 533; (b) determine the work schedules for the employees of 533; and (c) control the finances and operations 533; CORSO is an employer as defined by 29 U.S.C. 201 et. seq.

8.     At all times relevant to this action, GALLICHIO was an individual resident of the State of Ohio, who owned and operated 533, and who regularly exercised the authority to: (a) hire and fire employees of 533; (b) determine the work schedules for the employees of 533; and (c) control the finances and operations 533; GALLICHIO is an employer as defined by 29 U.S.C. 201 et. seq.

9.     At all times relevant to this action, PEPPER was an individual resident of the State of Ohio, who managed and operated 533, and who regularly exercised the authority to: (a) hire and fire employees of 533; (b) determine the work schedules for the employees of 533; and (c) control the finances and operations 533; PEPPER is an employer as defined by 29 U.S.C. 201 et. seq.

## COVERAGE

10.     At all times material hereto, Plaintiff was Defendants' "employee" within the meaning of the FLSA and the OMFWSA.

11.     At all times material hereto, Defendants were Plaintiffs' "employer" within the meaning of FLSA and the OMFWSA.

12.     Defendants were, and continues to be, an "employer" within the meaning of FLSA and the OMFWSA.

13.     At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of FLSA and the OMFWSA.

14.     At all times material hereto, Defendants were, and continue to be, an enterprise

engaged in the "production of goods for commerce" within the meaning of the FLSA and the OMFWSA.

15.    At all times material hereto, each Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA and the OMFWSA.

16.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $150,000.00 per annum during the relevant time periods.

18.    At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA and the OMFWSA.

20.    At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA and the OMFWSA.

## STATEMENT OF FACTS

21.    Defendants own and/or operate several bar/restaurants in Columbus, Ohio, including "Park Street Patio," "Sugar" and "Social."

22.    In order to serve the customers of their bar/restaurants, Defendants employ over one hundred (100) employees, including bartenders and servers.

23.    Plaintiff was employed by Defendants as a "Bartender" and worked at Defendants' bar/restaurant "Park Street Patio." As such, Plaintiff was a tipped employee.

24.    Plaintiff worked in this capacity from approximately February 2008 through December 2009.

25.    Plaintiff was paid on an hourly basis each week in exchange for work performed.

26.    In addition, Plaintiff earned tips that were paid to her by Defendants' customers.

27.    However, rather than keeping all of her tips each week, Defendants required Plaintiff, and all of their tipped employees, to participate in a tip pool, whereby all tips were pooled and distributed among Defendants' employees.

28.    In addition to Defendants' tipped employees, Defendants required Plaintiff, and the other tipped employees similarly situated to Plaintiff, to split their tips with, among others, Brandy Allbrite ("Allbrite"), the Manager of "Park Street Patio," and Randy Haffey ("Haffey"), the employee in charge of marketing and advertising for "Park Street Patio."

29.    By virtue of Defendants' inclusion of Allbrite and/or Haffey in the tip pool, such tip pool was invalid.

30.    Despite the invalid nature of Defendants' tip pool, Defendants failed to pay Plaintiff and the other tipped employees similarly situated to Plaintiff at least minimum wage for all hours worked.  Instead, Defendants purported to pay Plaintiff the tipped minimum wage, despite the fact that they were not entitled to do so, by virtue of their illegal tip pool.

31.    Additionally, Defendants routinely failed to credit Plaintiff, and those similarly situated to her, with all compensable time she worked each week.  As a result, even if Defendants were entitled to take pay Plaintiff the tipped minimum wage for all hours up to forty (40) in a workweek, which Plaintiff disputes, Defendants still failed to pay Plaintiff and those similarly situated to her at least minimum wage for all non-overtime hours worked.

32.    Plaintiff, and those similarly situated to her, routinely worked in excess of forty

(40) hours per week as part of their regular job duties.

33.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty in a workweek.

34.     Instead, Defendants purported to pay Plaintiff time and a half solely based on regular rate of pay that excluded the tips Plaintiff and those similarly situated to her earned on a weekly basis.

35.     Defendants have employed and are employing over a hundred (100) of other individuals as tipped employees, who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members, at all of Defendants' bar/restaurants.

36.     Defendants have violated Title 29 U.S.C. §§206-207 and the OMFWSA from May
        2007

and continuing to date, in that:

a.  Defendants failed to pay Plaintiff at least minimum wage for all hours worked;

b.  Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

c.  No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the OMFWSA; and

d.  Defendants have failed to maintain proper time records as mandated by the FLSA and the OMFWSA.

37.    Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiffs in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiff and the class members were all tipped employees and performed the same or similar job duties as one another in that they performed bartending duties for Defendants.

39.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid sub-minimum hourly wages, and not compensated at time-and-one-half their "regular rate" for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed minimum wages and overtime wages for the same reasons as Plaintiff.

40.    Defendants' failure to compensate employees at a rate equal to or greater than minimum wage for all hours worked in a workweek as required by the FLSA results from a policy or practice whereby their tipped employees are/were paid for all hours worked based on the Defendants' illegal tip pool.

41.    Defendants' failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that their tipped employees are/were paid for overtime hours worked based on the Defendants' uniform illegal pay policies applicable to all "Bartender" employees.

42.    These policy or practices were applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages and overtime to Plaintiff applies to all class members.  Accordingly, the class members are properly defined as:

> **All tipped employees who worked for Defendants within the last three years who were paid less than minimum wage for at least some hours worked and/or**

**who were not compensated at time-and-one-half for all hours worked in excess
of 40 hours in one or more workweeks**

43.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal

pattern or practice of failing to pay minimum wages and overtime compensation with respect to

Plaintiff and the class members.

44.     Defendants did not act in good faith or reliance upon any of the following in

formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department

of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

45.     During the relevant period, Defendants violated the FLSA, by employing employees

in an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of the FLSA as aforesaid, for one or more workweeks without compensating such

employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of

40 hours in a work week.

46.     Defendants acted willfully in failing to pay Plaintiff and the class members in

accordance with the law.

47.     Defendants have failed to maintain accurate records of Plaintiff's and the class

members' work hours in accordance with the law.

## CLASS ALLEGATIONS

48.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a),

(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

49.     Plaintiff brings her claims, pursuant to the OMFWSA and the Ohio Constitution, on

behalf of all persons who were employed by Defendants at any time since May, 2007, to the entry of

judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the

OMFWSA and have not been paid for hours actually worked as well as overtime wages as required in

violation of the OMFWSA (the "Class").

50.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over one hundred of members of the Class during the Class Period.

51.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

52.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

53.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in Wage and Hour law and class action litigation.

54.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

55.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. Whether the Defendants employed the members of the Class within the meaning of the OMFWSA and Article II, Section 34(a) of the Ohio Constitution;
>
> b. Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class, in violation of ;
>
> c. What proof of hours worked is sufficient where employers fail in their duty to

maintain time records;

d. Whether Defendants failed and/or refused to pay the members of the Class at least

minimum wages for all hours the were suffered or permitted to work;

e. Whether Defendants failed and/or refused to pay the members of the Class premium

pay for hours worked in excess of forty hours per workweek within the meaning of

the OMFWSA;

e. Whether the Defendants are liable for all damages claimed hereunder, including but

not limited to, double damages, costs, disbursements and attorney's fees; and

f. Whether the Defendants should be enjoined from such violations of the OMFWSA

and Article II, Section 34(a) of the Ohio Constitution in the future.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

56. Plaintiffs reallege and reaver paragraphs 1 through 55 of the Complaint as if fully

set forth herein.

57. From at least May 2007 and continuing through May 2010, Plaintiffs worked in

excess of the forty (40) hours per week for which Plaintiffs were not compensated at the statutory

rate of one and one-half times Plaintiffs' regular rate of pay.

58. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half

times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

59. At all times material hereto, Defendants failed, and continue to fail, to maintain

proper time records as mandated by the FLSA.

60. To date, Defendants continue to fail its tipped employees their FLSA mandated

overtime pay, despite their recognition that their position is non-exempt and entitled to same.

61. Defendants' actions in this regard were/are willful and/or showed/show reckless

disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

62.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

63.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

64.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

65.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-64 above.

66.     Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendants.

67.     Defendants failed to pay Plaintiff minimum wage for each hour she worked for Defendants.

68.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

69.     Defendants had specific knowledge that they were paying sub-minimum wages

to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

70.    Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

71.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

**COUNT III**
**MINIMUM WAGE VIOLATION UNDER OHIO LAW**

72.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-71 above.

73.    At various times relevant hereto, Plaintiff worked for Defendants, but Defendants failed to pay Plaintiff at least the applicable Ohio Minimum Wage as required by the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

74.    Defendants have violated the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

75.    Plaintiff has been damaged as a result of Defendants' failure to pay her the agreed upon wages to which she was entitled, pursuant to the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

76.    Pursuant to the OMFWSA and Article II, Section 34(a) of the Ohio Constitution, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee.

**COUNT IV**
**OVERTIME VIOLATION UNDER OHIO LAW**

77.    Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 76 as if they were set forth again herein.

Page 12 of 16

78. From at least May 2007 and continuing through May 2010, Plaintiff, and members of the Class worked in excess of the forty (40) hours per week for which Plaintiff and the Class were not compensated at the statutory rate of one and one-half times their regular rate of pay.

79. Pursuant to the OMFWSA, Plaintiff and the Class were, and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

80. To date, Defendants continue to fail to pay its tipped employees their overtime pay, as mandated by the OMFWSA and Article II despite their recognition that their position is non-exempt and entitled to same.

81. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the OMFWSA and Article II, as evidenced by their continued failure to compensate Plaintiff and similarly situated tipped employees, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

82. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

83. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus double damages.

84. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

## COUNT V
## RECORDKEEPING VIOLATIONS UNDER OHIO LAW

85. Plaintiff, on behalf of herself and the members of the Class, realleges and

incorporate by reference paragraphs 1 through 84 as if they were set forth again herein.

86.     At all times material hereto, Defendants failed, and continue to fail, to maintain

proper time records as mandated by the OMFWSA and Article II, Section 34(a) of the Ohio

Constitution.

87.     By engaging in the above-described acts and omissions, which acts and omissions

were willful, intentional, extreme and outrageous, Defendants knowingly and willfully failed to

make keep and preserve records of the hours worked by Plaintiff, in violation of the OMFWSA and

Article II, Section 34(a) of the Ohio Constitution.

**COUNT VI**
**FAILURE TO TENDER PAY BY REGULAR PAYDAY UNDER OHIO LAW**

88.     Plaintiff, on behalf of herself and the members of the Class, realleges and

incorporate by reference paragraphs 1 through 87 as if they were set forth again herein.

89.     At all times material hereto, Defendants failed, and continue to fail, to make

payments as outlined above, within 30 days of when such payments were due, as mandated by the

OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

90.     By engaging in the above-described acts and omissions, which acts and omissions

were willful, intentional, extreme and outrageous, Defendants knowingly and willfully failed to pay

Plaintiff all wages owed to her within 30 days of her regularly scheduled paychecks in violation of

R.C. 4113.15.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action

Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the OMFWSA and Article II, Section 34(a) of the Ohio Constitution;

d.  An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.  An award of unpaid wages and overtime compensation due under the FLSA and the OMFWSA and Article II, Section 34(a) of the Ohio Constitution;

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

g.  An award of treble damages, based on Defendants' willful failure to pay minimum wages and overtime compensation pursuant to OMFWSA and Article II, Section 34(a) of the Ohio Constitution;

h.  An award of prejudgment and post judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and

expert fees; and

j.      Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury

on all questions of fact raised by the complaint.

Dated: May 6, 2010

Respectfully submitted,

Andrew Biller, Esq.
The Law Firm of Andrew Biller
3789 Preserve Crossing Blvd
Columbus, OH 43230
Tel:  (614) 939-9022
Fax: (614) 583-8107
E-mail: **andrewbilleresq@gmail.com**
OH Bar No.: 0081452

Andrew R. Frisch, Esq.[1]
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: **afrisch@forthepeople.com**
FL Bar No.: 27777

---

1 Pro Hac Vice Admission pending.