UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICTORIA ZWERIN, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

533 SHORT NORTH LLC, et al.,

    Defendants.

Case No. 2:10-cv-488
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss and Request a Hearing (Doc. No. 91) and Plaintiffs' Motion to Compel Defendants to Comply with the Court's Order Dated August 31, 2012 To Enforce Settlement Agreement, and for Sanctions ("Motion to Enforce the Settlement Agreement") (Doc. No. 93). For the reasons that follow, the Court **DENIES** Defendants' Motion and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.

## I. BACKGROUND

The parties in this case engaged in settlement negotiations beginning in November 2011. The parties agree that the settlement was reached on December 31, 2011. This Court preliminarily approved the settlement agreement on June 7, 2012. (Doc. No. 82.)

On August 31, 2012, the Court held a hearing on Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Final Approval of the Class Settlement and Approval of the FLSA Settlement. All parties were represented at the hearing and there were no objections to the settlement. The Court, having reviewed the Confidential Settlement Agreement *in camera*,

granted the plaintiffs' unopposed motion, certified the Settlement Class, approved the Confidential Settlement Agreement and dismissed this case. (Doc. No. 90.)

On September 12, 2012, the defendants filed Defendants' Motion to Dismiss and Request a Hearing (Doc. No. 91), which is fully briefed (Docs. No. 94, 95). On September 25, 2012, Plaintiffs filed their Motion to Enforce Settlement Agreement (Doc. No. 93), which is also ripe for review (Docs. No. 96, 98).

## II. ORAL ARGUMENT

Both parties in this action request an oral hearing on the issues before the Court. Pursuant to the Local Rules for the Southern District of Ohio, parties may apply to the Court for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). "If the Court determines argument or a conference would be helpful, the Court will notify all parties." *Id.* Whether to grant or deny a request for oral argument is left to the sound discretion of the trial court. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, *5-6 (S.D. Ohio July 27, 2006) (J. Dlott).

The Court finds that oral argument is not deemed to be essential to the fair resolution of the issue before it in this action. Accordingly, the Court **DENIES** the parties' request for oral argument.

## III. MOTIONS

In the briefing before the Court, the defendants request dismissal of this action with prejudice as a sanction for the plaintiffs' alleged breaches of the Confidential Settlement Agreement and for their attorney fees incurred in defending this case. The plaintiffs ask this

2

Court to order the defendants to comply with the Confidential Settlement Agreement, to enforce the Agreement's Acceleration Clause and for their attorney fees incurred in relation to their motion and defending against Defendants' Motion to Dismiss and Request for a Hearing.

With regard to the defendants motion to dismiss, they posit that the plaintiffs and their counsel "have breached confidentiality during the mediation, negotiation, and final settlement agreement process." *Id.* at 6. Specifically, the defendants submit the following incidents constitute breaches of the confidentiality agreements the parties had during the settlement process, the Court issued protective order, and the final approved Confidential Settlement Agreement: (1) On May 25, 2012, the plaintiffs filed on this Court's electronic filing system the Confidential Settlement Agreement as an exhibit to a motion seeking preliminary approval from the Court; (2) On May 31, 2012, a news article reporting on the settlement and its terms was published in the local newspaper, the *Columbus Dispatch*, both in print and online; and, (3) On September 27, 2012, the plaintiffs again filed the Confidential Settlement Agreement on this Court's electronic docket as an exhibit to its memorandum in opposition to Defendants' Motion to Dismiss and Request for a Hearing.

The Court finds it unnecessary to determine whether the first two incidents constitute breaches of the parties' confidentiality agreements because even if they do so constitute, the defendants have waived any right they had to invoke the Court's action related to them. Under the doctrine of estoppel by acquiescence, a party will be held to have lost his rights against another party, if the first party has committed some act which "amount[s] to an assurance to the [second party], express or implied, that [the first party] would not assert his . . . rights against the [second party]." *Natl. Football League v. Rondor, Inc.*, 840 F. Supp. 1160, 1167 (N.D. Ohio

1993). *See also Zivich v. Mentor Soccer Club, Inc.*, Case No. 95-L-184, 1997 Ohio App. LEXIS 1577, 1997 WL 203646 at *12 (Ohio Ct. App. 1997) (holding under doctrine of estoppel by acquiescence a plaintiff loses his rights against a defendant if he committed some act amounting to an assurance he would not assert his rights), superceded by statute on other grounds as noted in *Cooper v. Aspen Skiing Co.*, 48 P.3d 1229, 2002 Colo. LEXIS 528, 31 Colo. Law. 230 8 (Colo. 2002)). "The act must clearly and unequivocally import the actor's purpose to sleep upon his rights, and not to assert them." *Zivich*, 1997 Ohio App. LEXIS 1577, at *39.

The alleged breaches in the instant action occurred on May 25 and 31, 2012. The Court, however, was asked to approve the parties Confidential Settlement Agreement on August 24, 2012–three months after the alleged breaches. The Court held an hearing on the request on August 31, 2012. All parties were represented at that hearing and were directly asked if there were any objections to the Court approving the Agreement and entering judgment accordingly. There were no objections.

The defendants do not provide any reason for their delay in requesting relief from this Court. Indeed, the defendants indicate throughout their briefing that they became aware of the *Dispatch* article when it was published and "immediately" asked the plaintiffs' counsel to submit a retraction. The defendants aver that the plaintiffs at first agreed to prepare and submit a retraction, but that they later reneged on this offer. The defendants, however, continued the negotiation, finalization of the negotiations and request of this Court's approval of the Confidential Settlement Agreement. The Court finds that the defendants' acts of asking this Court to approve the settlement without any objection unequivocally imported their purpose to sleep upon their rights, and not to assert them.

With regard to the third alleged breach, the plaintiffs mistakenly believed that the Confidential Settlement Agreement is no longer confidential because it is the subject of further litigation. (Doc. No. 94 at 6) (citing *Mead Johnson & Co. v. Lexington Ins. Co.*, 3:11-cv-43, 2012 WL 159930 (S.D. Ind. Sept. 28, 2012) ("once a confidential settlement agreement or arbitration decision becomes the subject of litigation, it must be opened to the public just like any other information.")). The plaintiffs, however, are mistaken. The Confidential Settlement Agreement has not become the subject of litigation to the extent necessary to that it may be made public. *See Mead Johnson & Co.*, 2012 WL 159930 at * 2 (referring only to "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision"). The Court has, therefore, directed the Clerk to remove and place under seal the Confidential Settlement Agreement filed by the plaintiffs.

The plaintiffs and their counsel are here admonished to forthwith abide by the confidentiality agreements made throughout their negotiations with the defendants and in the Confidential Settlement Agreement.

Based on the foregoing, the Court finds Plaintiffs' Motion to Enforce the Confidential Settlement Agreement well taken, in part. Specifically, the Court shall order the defendants to comply with the Agreement, but the Court will not enforce the Acceleration Clause.

Finally, the Court declines to award attorney fees to either the plaintiffs or the defendants.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss and Request a Hearing in its entirety (Doc. No. 91) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Enforce the Settlement Agreement (Doc. No. 93). Specifically, the Court

**GRANTS** the plaintiffs' request to enforce the Confidential Settlement Agreement, **DENIES** their request to enforce the Agreement's Acceleration Clause, **DENIES** their request for an oral hearing and **DENIES** their request for attorney fees.

**IT IS SO ORDERED.**

11-2-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**