# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

VICTORIA ZWERIN, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

533 SHORT NORTH LLC, et al.,

    Defendants.

Case No. 2:10-cv-488
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Production in Response to Subpoena (Doc. No. 97), Plaintiffs' Second Motion to Compel Defendants to Comply with the Court's Orders, to Enforce Settlement Agreement and For Sanctions (Doc. No. 103), and Defendants' Motion to Compel Discovery (Doc. No. 104). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion and **DENIES AS MOOT** both of Defendants' motions.

## I. BACKGROUND

The parties in this case engaged in settlement negotiations beginning in November 2011. The parties agree that a settlement was reached on December 31, 2011. By joint motion of the parties (Doc. No. 80), this Court preliminarily approved the Confidential Settlement Agreement on June 7, 2012 (Doc. No. 82).

On August 31, 2012, the Court held a hearing on Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Final Approval of the Class Settlement and Approval of the FLSA Settlement. (Doc. No. 86.) All parties were represented at the hearing and there were no

objections to the settlement. The Court, having reviewed the Confidential Settlement Agreement *in camera*, granted the plaintiffs' unopposed motion, certified the Settlement Class, approved the Confidential Settlement Agreement and dismissed this case. (Doc. No. 90.)

On September 12, 2012, the defendants filed Defendants' Motion to Dismiss and Request a Hearing (Doc. No. 91) and on September 25, 2012, Plaintiffs filed their Motion to Enforce Settlement Agreement (Doc. No. 93). In the briefing on these two motions, the defendants requested dismissal of this action with prejudice as a sanction for the plaintiffs' alleged breaches of the confidentiality agreements made during the settlement process, including the Confidential Settlement Agreement, and for their attorney fees incurred in defending this case. In their motion, the plaintiffs asked this Court to order the defendants to comply with the Confidential Settlement Agreement, to enforce the Agreement's Acceleration Clause and for their attorney fees incurred in relation to their motion and defending against Defendants' Motion to Dismiss and Request for a Hearing. On November 2, 2012, this Court denied the defendants' requests, granted the plaintiffs' request to enforce the Confidential Settlement Agreement and denied the remainder of the plaintiffs' motion. (Doc. No. 100.)

Since the Court issued its November 2, 2012 Opinion and Order, the plaintiffs have filed their Second Motion to Compel Defendants to Comply with the Court's Orders, to Enforce Settlement Agreement and For Sanctions (Doc. No. 103) and the defendants have filed their Motion to Compel Discovery (Doc. No. 104). In the plaintiffs' motion, they request the Court to order the defendants to comply with this Court's November 2, 2012 Order that granted their request to enforce the Confidential Settlement Agreement. The plaintiffs also request attorneys fees and for enforcement of the Agreement's Acceleration Clause. The defendants in their

2

motion request discovery that was allegedly not properly produced earlier in this case.

There is currently pending before the Court Defendants' Motion to Compel Production in Response to Subpoena. (Doc. No. 97.) That motion is fully briefed. (Docs. No. 101, 102.)

## II. ANALYSIS

The defendants' position in all of the briefing before this Court is that the Court did not previously rule on whether the plaintiffs breached the parties' conficdentiality agreements during the settlement process. (Doc. No. 104 at 5) ("The court ruled on the parties' motions concerning the settlement agreement but did not determine the issues of whether there have been breaches of confidentiality during the settlement process . . . ."); (Doc. No. 102 at 1, 2) ("Nor did the court rule on the merits of whether there has been a breach of confidentiality. . . . The issue of whether there have been breaches of confidentiality remain."). The defendants, however, are mistaken.

The Court specifically determined that the defendants waived any right they had to claim that the plaintiffs breached any confidentiality agreement prior to the Court's approval of the Confidential Settlement Agreement:

> The Court finds it unnecessary to determine whether the first two incidents constitute breaches of the parties' confidentiality agreements because even if they do so constitute, the defendants have waived any right they had to invoke the Court's action related to them.

(Doc. No. 100 at 3.) In other words, the defendants have no avenue of relief related to any potential breach that may have occurred before this Court approved the Confidential Settlement Agreement. As the Court explained in its Opinion and Order, any potential right the defendants possessed was waived by them. *See Natl. Football League v. Rondor, Inc.*, 840 F. Supp. 1160, 1167 (N.D. Ohio 1993); *Zivich v. Mentor Soccer Club, Inc.*, Case No. 95-L-184, 1997 Ohio App.

3

LEXIS 1577, 1997 WL 203646 at *12 (Ohio Ct. App. 1997) (holding under doctrine of estoppel by acquiescence a plaintiff loses his rights against a defendant if he committed some act amounting to an assurance he would not assert his rights), superceded by statute on other grounds as noted in *Cooper v. Aspen Skiing Co.*, 48 P.3d 1229, 2002 Colo. LEXIS 528, 31 Colo. Law. 230 8 (Colo. 2002)).

In their briefing, the plaintiffs explain how the defendants now attempt to renegotiate certain terms of the Confidential Settlement Agreement based on the plaintiffs' alleged confidentiality breaches and, absent the plaintiffs' agreement to these renegotiated terms, the defendants threaten to file a separate lawsuit and to appeal this Court's decision granting the plaintiffs' request to compel enforcement of the Agreement. The defendants may certainly appeal this Court's decision; however, the issue of whether the plaintiffs breached any confidentiality agreements prior to this Court's approval of the Confidential Settlement Agreement has already been determined by this Court. Defendants have no avenue to re-litigate this issue.

Based on this determination, the defendants' requests for discovery have been rendered moot.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Second Motion to Compel Defendants to Comply with the Court's Orders, to Enforce Settlement Agreement and For Sanctions. (Doc. No. 103.) Specifically, the Court **GRANTS** Plaintiffs' Motion to Compel as it relates to enforcement of the Confidential Settlement Agreement and **DENIES** Plaintiffs' motion as it relates to their request to enforce the

Agreement's Acceleration Clause and for attorney fees. The defendants are **ORDERED** to comply with the Court-approved Confidential Settlement Agreement within five (5) days of the date of this Opinion and Order.

The Court **DENIES AS MOOT** Defendants' Motion to Compel Production in Response to Subpoena (Doc. No. 97) and Defendants' Motion to Compel Discovery (Doc. No. 104).

**IT IS SO ORDERED.**

11-20-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**